1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ANDRES C. MEZA,** | ) | **1:12-CV-367  AWI DLB** |
| | ) | |
| **Plaintiffs**, | ) | **ORDER VACATING** |
| **v.** | ) | **HEARING DATE, ORDER ON** |
| | ) | **DEFENDANTS' MOTION TO** |
| **CITIMORTGAGE, INC. CR TITLE** | ) | **DISMISS, AND ORDER** |
| **SERVICES, INC., and DOES 1 through** | ) | **REMANDING MATTER TO** |
| **50 inclusive,** | ) | **THE KINGS COUNTY** |
| | ) | **SUPERIOR COURT** |
| **Defendants.** | ) | |
| | ) | (Doc. No. 6) |

This case was removed by Defendants from the Kings County Superior Court on March 8, 2012, on the basis of Federal Question Jurisdiction.

Defendants have noticed for hearing and decision a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The matter was scheduled for a hearing to be held on April 30, 2012.  Pursuant to Local Rule 230(c), Plaintiff was required to file either an opposition or a notice of non-opposition no later than April 16, 2012.  Plaintiff failed to do so.  Due to Plaintiffs' failure to file a timely opposition or notice of non-opposition, he is in violation of the Local Rules.  Plaintiff is not entitled to be heard at oral argument in opposition to the motion.  See Local Rule 230(c).

The Court has reviewed Defendants' motion and the applicable law, and has determined that the motion is suitable for decision without oral argument.  See  Local Rule 230(h).  The Court will vacate the April 30, 2012, hearing date and instead issue the following order, which resolves Defendants' motion and remands this matter to state court.

**GENERAL BACKGROUND**[1]

On June 23, 2006, Plaintiff executed a deed of trust.  <u>See</u> RJN Ex. 1.  Plaintiff obtained a mortgage loan of approximately $202,000 for real property located in Lemoore, California.  <u>See id.</u>

On February 11, 2010, the deed of trust was assigned to Citimortgage.  <u>See</u> RJN Ex. 2.

On October 12, 2011, CR Title Services recorded a Notice of Default in the Kings County Recorder's Office.  <u>See</u> RJN Ex. 3.  The amount of default was approximately $12,000.  <u>See id.</u>

On January 18, 2012, a Notice of Trustee's Sale was recorded in the Kings County Recorder's Office.  <u>See</u> RJN Ex. 4.  The Trustee's sale was scheduled to occur on February 7, 2012.  <u>See id.</u>

On February 7, 2012, Plaintiff filed this action in the Kings County Superior Court.  <u>See</u> Doc. No. 1-1.  Plaintiff alleges violations for 12 U.S.C. § 2601, 12 C.F.R. § 226, California Business & Professions Code § 17200, California Civil Code § 1572, wrongful foreclosure, and fraud.  <u>See id.</u>

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  <u>Johnson v. Riverside Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  <u>Marceau v. Blackfeet Hous. Auth.</u>, 540 F.3d 916, 919 (9th Cir. 2008); <u>Vignolo v. Miller</u>, 120 F.3d 1075,

---

[1]Defendants have filed a Request for Judicial Notice ("RJN") in which they request the Court to judicially notice four exhibits.  These exhibits consist of a Deed of Trust, an Assignment of Deed of Trust, a Notice of Default, and a Notice of Trustee's sale.  All of the exhibits are documents that were filed in the Kings County Recorder's Office.  Plaintiff has not objected to the RJN.  The Court will grant Defendant's RJN and judicially notice the four exhibits as public records. <u>See</u> Fed. R. Evid. 201; <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001); <u>Grant v. Aurora Loan Servs.</u>, 736 F.Supp.2d 1257, 1263-64 (N.D. Cal. 2010).

1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions their authenticity.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a Rule 12(b)(6) motion is granted, leave to amend need not be granted where amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**DEFENDANT'S MOTION**

**1.      Real Estate Settlement Procedures Act ("RESPA") - 12 U.S.C. § 2601 et seq.**

*Defendant's Argument*

Defendants argue that Plaintiff does not specify which sections of RESPA were allegedly violated.  Although § 2601 is cited, that section merely reflects Congressional findings and purpose.  To the extent that Plaintiff seeks to recover under 12 U.S.C. §§ 2601, 2603, or 2604, there is no private cause of action for a violation of these statutes.  To the extent that Plaintiff's contend that Citimortgage violated 12 U.S.C. § 2607, the applicable one year statute of limitations for this claim ran on June 23, 2007.  Thus, such a claim is barred.  Finally, to the extent that Plaintiff contends that 12 U.S.C. § 2605 was violated, the applicable three year statute of limitations for this claim ran on June 23, 2009.  Thus, this claim is barred.

3

1      *Relevant Allegation*

2          In pertinent part, the Complaint contains the following allegations under the Second

3      Cause of Action:

4          Defendants have violated the RESPA by engaging in prohibited acts as set forth in
           this complaint, including but are not necessarily limited to:
5              a.      Statements regarding the terms and payment obligations, including
                       statements of the duration of the original payment, duration and
6                      amount of the interest rate;
               b.      Statements regarding the prepayment penalty, including that the
7                      loan had no prepayment penalty or that the prepayment penalty
                       could be easily waved by making payments of kickbacks, fees, or
8                      other "things of value."

9      Complaint ¶ 43.

10         *Discussion*

11         Dismissal of this cause of action is appropriate.  First, to the extent that Plaintiff is

12     attempting to assert a claim based on violations of 12 U.S.C. § 2601, § 2603, and/or § 2604,

13     there is no private right of action created by these statutes.  See Parmer v. Wachovia, 2011 U.S.

14     Dist. LEXIS 43866, *4-*5 (N.D. Cal. Apr. 22, 2011); Allan v. Greenpoint Mortg. Funding, 730

15     F.Supp.2d 1071, 1076 (N.D. Cal. 2010); Sanborn v. American Lending Network, 506 F.Supp.2d

16     917, 922 (D. Utah 2007).

17         Second, there is no claim alleged pursuant to 12 U.S.C. § 2605.  That statute relates to the

18     servicing of loans and administering escrow accounts, and Plaintiff's cause of action does not

19     address such services.[2]

20         Third, to the extent that Plaintiffs are attempting to allege a claim under 12 U.S.C.

21     § 2607, the statute of limitations for such a claim is one year from the date that the loan closes.

22     See 12 U.S.C. § 2614; Parmer, 2011 U.S. Dist. LEXIS 43866 at *6; Santos v. U.S. Bank N.A.,

23     716 F.Supp.2d 970, 978 (E.D. Cal. 2010).  Since the loan closed on June 23, 2006, the

24     limitations period expired on June 23, 2007, close to five years prior to the filing of this lawsuit.

25

26         _____

27         [2]To the extent that Plaintiff may be trying to allege a 12 U.S.C. § 2605 claim based on conduct that
           happened at the time the loan closed, dismissal is appropriate.  Defendants are correct that a 3 year statute of
           limitations applies to § 2605.  See 12 U.S.C. § 2614; Parmer, 2011 U.S. Dist. LEXIS 43866 at *5; Santos v. U.S.
28         Bank N.A., 716 F.Supp.2d 970, 978 (E.D. Cal. 2010).  The limitations period therefore expired on June 23, 2009,
           close to three years prior to the filing of this suit.

                                                          4

Plaintiff has not pled any facts that indicate that some form of tolling might apply. Further, since no opposition was filed, there is no argument or explanation about how this claim is timely.  See Parmer, 2011 U.S. Dist. LEXIS 43866 at *5-*6.  Also, the records indicate that Citimortgage obtained the deed of trust in February 2010.  See RJN Ex. 2.  Because the RESPA claims appear to deal with conduct that occurred at or near the loan closing in June 2006, the Complaint does not sufficiently indicate how Citimortgage would be liable under RESPA.  See Dizon v. California Empire Bancorp, Inc., 2009 U.S. Dist. LEXIS 109339, *11-*12 (C.D. Cal. Nov. 9, 2009); Edejer v. DHI Mortg. Co., 2009 U.S. Dist. LEXIS 52900, *19 (N.D. Cal. June 12, 2009).  For these reasons, and because Plaintiff may be attempting to recover under statutes that provide for no private cause of action, amendment would be futile.  See Parmer, 2011 U.S. Dist. LEXIS 43866 at *6.  The second cause of action for violation of RESPA will be dismissed with prejudice.  See id.

## 2.    The Truth In Lending Act ("TILA") - 15 U.S.C. § 1601 et seq. & 12 C.F.R. § 226

### Defendants' Argument

Defendants argue that any TILA violation would have occurred at the latest on June 23, 2006, when the loan and deed of trust were executed.  There is a one year statute of limitations for damages claims under TILA, and a three year statute of repose for rescission claims under TILA.  Because the statute of limitations ran on June 23, 2007, and June 23, 2009, for claims of damages and rescission, respectively, Plaintiff's claims are barred.

### Relevant Allegations

In pertinent part, the Complaint contains the following allegations under the Third Cause of Action:

Defendants have violated the [TILA] by engaging in prohibited acts as set forth in this complaint, including but are not necessarily limited to:
a.    Defendants failed to examine Plaintiff's current and expected "Repayment Ability";
b.    Failed to clearly and conspicuously disclose [to] Plaintiff key provisions of Plaintiff's mortgage, including but not limited to such details as the eventually reset interest rate, specific loan terms, and the total dollar amount the mortgage will cost over time.

1  Complaint ¶ 46.

2      *Discussion*

3      To the extent that Plaintiff is attempting to rescind the mortgage loan under TILA, the

4  right to rescind under TILA expires after 3 years of the mortgage loan's consumption.  <u>See</u>  15

5  U.S.C. § 1635(f); <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410, 417 (1998) <u>McOmie-Gray v.</u>

6  <u>Bank of Am. Home Loans</u>, 667 F.3d 1325, 1328-29 (9th Cir. 2011).  Here, the loan was

7  consummated on June 23, 2006.  Thus, the right to rescind completely expired on June 23, 2009,

8  which is nearly three years prior to the filing of this lawsuit.  <u>See</u> <u>McOmie-Gray</u>, 667 F.3d at

9  1328-29.  Dismissal of any TILA rescission claims with prejudice is appropriate.  <u>See id.</u>

10      To the extent that Plaintiff is attempting to obtain damages, there is a one year statute of

11  limitations that applies to claims for damages under TILA.  <u>See</u> 15 U.S.C. § 1640(e); <u>Hubbard v.</u>

12  <u>Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996).  The one year limitations period runs from the

13  date the loan transaction is consummated.  <u>See</u> <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir.

14  1986); <u>Parmer</u>, 2011 U.S. Dist. LEXIS 43866 at *7.  Here, the loan transaction was

15  consummated on June 23, 2006.  Therefore, the limitations period expired on June 23, 2007,

16  close to five years prior to the filing of this lawsuit.

17      The Court sees no allegations that indicate that some form of tolling would apply to the

18  TILA claim for damages.  Further, since no opposition was filed, there is no argument or

19  explanation about how this claim is timely.  In the absence of allegations or arguments that

20  remotely indicate that tolling may apply, the Court will dismiss this claim with prejudice.  <u>See</u>

21  <u>Parmer</u>, 2011 U.S. Dist. LEXIS 43866 at *6-*8 (dismissing nearly identical complaint with

22  prejudice under nearly identical circumstances).

23

24  **3.**      **Remaining State Law Claims**

25      The basis for removal to this Court was the presence of a federal question.  However, the

26  Court has dismissed with prejudice Plaintiff's federal claims.  When removal is based on the

27  presence of a federal cause of action, a district court may remand the pendent or supplemental

28  state law claims to the state court once the federal claims have been eliminated.  <u>See</u> <u>Lee v. City</u>

1   of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993).  In fact, "it is generally preferable for a district

2   court to remand remaining pendent claims to state court."  Id. at 937.  Since all federal claims

3   have been resolved and only state law claims remain, the Court will remand the remaining state

4   law claims to the Kings County Superior Court.  See id.; Inman v. Suntrust Mortgage, Inc., 2010

5   U.S. Dist. LEXIS 91804, *7-*8 (E.D. Cal. Sept. 3, 2010).

6

7                                                    **ORDER**

8               Accordingly, IT IS HEREBY ORDERED that:

9   1.      The April 30, 2012, hearing date is VACATED;

10  2.      Defendants' motion to dismiss is GRANTED in part and Plaintiff's federal claims under

11          TILA and RESPA are DISMISSED with prejudice;

12  3.      The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims;

13  4.      The Court expresses no opinion as to the merits of Plaintiff's state law causes of action;

14          and

15  5.      The Clerk shall immediately REMAND this case to the Kings County Superior Court.

16  IT IS SO ORDERED.

17

18  Dated:   April 25, 2012                    _____

                                                CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28